## AMERICAN LAW BOOK COMPANY v. HURST.

### Opinion delivered February 16, 1925.

1. SALES—RIGHT OF SELLER TO RECOVER POSSESSION.—Where the seller of books first violated its contract by removing the purchase money note from the local bank at which it was payable, it was not error to impose a condition on its recovery of articles sold of a return of the amount paid under the contract by the purchaser.

2. SALES—WAIVER OF DELAY IN PAYMENT.—Acceptance of belated payments on a contract for the purchase of law books, without objection by the seller, is a waiver of the right of forfeiture on account of such delay.

Appeal from Washington Chancery Court; *Ben F. McMahan*, Chancellor; affirmed.

Appellant *pro se*.

The plea in defense that it was agreed to leave the note at the Bank of Fayetteville is bad in the absence of the further pleading that the defendant was and has been at all times ready, willing and able to pay the installments. C. & M. Digest, §7836; 8 C. J. 527. A plea of tender is bad unless a continuing willingness to pay is alleged. 33 Ark. 340; 38 Cyc. 158; 90 Ark. 524.

Defendant admitted the contract, the signing of the note, and that he had paid only $185 thereon, but alleged he had an equitable defense in avoidance of his contract. Under these circumstances the burden of proof was on the defendant.  8 Ark. 290; 11 Ark. 442; 13 Ark. 644; 24 Ark. 124; *Id.* 410; *Id.* 459.

HUMPHREYS, J.   This is a suit in replevin for certain law books, brought in the circuit court of Washington County, to which equitable defenses were interposed, and, upon motion of appellee, was transferred to the chancery court of said county.   The cause was submitted for trial upon the pleadings and testimony adduced by the respective parties, which resulted in a decree in favor of appellant for the books and a judgment in favor of appellee for $180, the amount he had paid appellant on the book. Appellant has prosecuted an  appeal  to  this court from the money judgment and the lien declared on the books therefor.

The facts revealed by the record are, in substance, as follows:  On October 21, 1915, appellant sold appellee, under written contract, forty volumes of Cyc. and Index, forty-three volumes in all, and Corpus Juris as issued (sixty-two volumes, estimated), which appellee agreed to pay for at $7.50 per volume, as follows:   $15 cash herewith, and my note payable $7.50 monthly for forty-one months, and thereafter $7.50 per volume upon delivery of volumes 41 to 62 inclusive of Corpus Juris, upon the terms stated below.   The company will exchange volumes 1 to 40 inclusive of Corpus Juris as issued, volume for volume, for Cyc. purchased by subscriber under this contract, such exchange to be in full payment for volumes 1 to 40 inclusive of Corpus Juris.   Cyc. may be retained until Corpus Juris is completed.''

The contract also provides that, in default in any payment including payments covered by note, for thirty days, the purchase price of all books delivered should become due and payable, and that the books should belong to appellant until the entire purchase price was paid.

Of even date with the contract a note was executed by appellee to appellant for $307.50, payable at the rate of $7.50 per month, beginning December 1, 1915. The note contained a provision that it was payable at the McIlroy Banking Company in Fayetteville, Arkansas. Credits appear on the back of the note in the sum of $165, the last credit being for $7.50 made on February 5, 1918. Appellee paid appellant $15 cash when the note and contract were executed. Appellant delivered Cyc. and the Indexes and sixteen volumes of Corpus Juris to appellee. The last two volumes were delivered to him after the date of the last payment made by him on the note. After the last payment was made on the note, of date February 5, 1918, appellant directed the McIlroy Banking Company, who had held the note during the period the payments had been made, to return the note to it. Appellee called at said bank to make another payment, and was informed that the note had been returned to appellant because it was unwilling to pay $0.25 to the bank on each collection. During the time the note had remained at the bank, appellee had fallen behind in his payments, and, at the time he made the last payment, was six months behind. Appellant made no objection to these delays, but accepted each delayed payment when made. Appellant demanded that appellee send the payments directly to it, which he refused to do, insisting on his right under the contract to pay same and receive credit therefor on the note at the McIlroy Banking Company in Fayetteville, Arkansas. Appellee testified that this provision was inserted in the note so that he could see that the credits were entered thereon as he made the payments.

This suit was, in effect, an attempt to enforce the contract by retaking the books for failure on the part of appellee to make the monthly payments provided for in the contract and note. The note provided for the monthly payments to be paid at the McIlroy Banking Company in Fayetteville, Arkansas, and the undisputed testimony shows that this provision was inserted in the

contract in order that appellee might see that the payments were credited upon the note.  The refusal to leave the note in said bank for collection, under the circumstances, constituted a breach of the contract on the part of appellant.  Having breached the contract itself, appellant was not in a position to enforce it without first offering to do equity.  This the court required it to do by rendering a judgment against it for the amount appellee had paid it at the time he rendered a judgment in favor of appellant for the books.  It is argued that appellee first breached the contract by falling behind in his monthly payments.  Nearly every payment made by appellee was a belated payment, but each payment was received without objection by appellant, and these breaches, if any, were waived by appellant, who accepted them without complaint.  The record reflects that the note was withdrawn from the place of payment because appellant did not want to pay $0.25 on each collection, and not because appellee was behind in his payments.

No error appearing, the judgment is affirmed.